VASQUEZ, J., concurring: I concur with the opinion of the Court’s holding that petitioner’s payment to the Civil Service Retirement System (CSRS) was not a rollover. I write separately to emphasize that this case can be resolved solely on the basis of the Office of Personnel Management’s (OPM) authority to choose whether to accept rollovers. I also take this opportunity to address Judge Buch’s dissent. I agree with the facts as laid out by the opinion of the Court. OPM gave petitioner an opportunity to make a payment to CSRS in order to increase his annuity, as provided by 5 C.F.R. sec. 831.303(b) (2001). See op. Ct. p. 225. Within a two-month period, petitioner borrowed money from a friend, made a withdrawal from his Fidelity Investments individual retirement account (IRA), made the payment, made a second withdrawal from the same IRA, and repaid his friend. See id. The only question before us is whether one or both of the withdrawals from the IRA were rollover contributions to CSRS under section 408(d)(3). As the opinion of the Court recognizes, CSRS is a qualified trust. See id. p. 228 and note 1. OPM administers CSRS. 5 U.S.C. sec. 8347(a) (2006); see also 5 C.F.R. sec. 838.101(a)(1) (2001) (“[T]he Civil Service Retirement System * * * [is] administered by the Office of Personnel Management[.]”). OPM’s policy is to not accept rollovers to CSRS. See op. Ct. p. 230. Petitioner has failed to provide any authority requiring OPM to accept rollovers, and OPM did not treat petitioner’s payment as a rollover. These are the only facts necessary to decide the issue before us. “A trustee * * * has broad powers that are only ‘limited by statute or the terms of the trust’”. Dabney v. Commissioner, T.C. Memo. 2014-108, at *10 (quoting 3 Restatement, Trusts 3d, sec. 85 (2007)). In Dabney, the taxpayer attempted to invest in real property through an IRA he held with Charles Schwab & Co., Inc. (Charles Schwab). Id. at *3. The Internal Revenue Code does not prohibit IRAs from holding real estate. Id. at *10. However, Charles Schwab did not permit IRAs to purchase or hold real property. Id. at *3. We held that, because it was the trustee or custodian of the IRA, Charles Schwab’s policies controlled and the taxpayer would not have been able to use his Charles Schwab IRA to hold the real property regardless of how he had structured the transaction. Id. at *11-*12. The same analysis holds true here. As the administrator of CSRS, OPM may choose whether to accept rollover contributions to CSRS. No statute or regulation restricts OPM’s authority to do so. OPM chose not to accept rollovers. Therefore, petitioner’s payment to CSRS was not a rollover contribution. In his dissent, Judge Buch raises the issue of the plain language of section 408(d)(3). The Supreme Court has stated: There is, of course, no more persuasive evidence of the purpose of a statute than the words by which the legislature undertook to give expression to its wishes. Often these words are sufficient in and of themselves to determine the purpose of the legislation. * * * Frequently, however, even when the plain meaning did not produce absurd results but merely an unreasonable one “plainly at variance with the policy of the legislation as a whole” this Court has followed that purpose, rather than the literal words. * * * [United States v. Am. Trucking Ass’ns, Inc., 310 U.S. 534, 543, 544 (1940); fn. refs, omitted.; quoting Ozawa v. United States, 260 U.S. 178, 194 (1922).] Under Judge Buch’s reading of the statute, neither CSRS nor any other qualified plan or trust has the discretion to choose whether to accept rollover contributions. I do not believe that such an approach is reasonable or in keeping with Congress’ intent. See H.R. Rept. No. 107-51 (Part 1), at 81 (2001) (“Qualified plans are not required to accept rollovers.”). The term “qualified plan” refers to “a plan which satisfies the requirements of section 401(a).” Sec. 1.401-0(b)(1), Income Tax Regs. As the opinion of the Court states: “CSRS is a plan that meets the requirements of sec. 401(a).” See op. Ct. p. 228 note 1. Qualified plans have the discretion to decide whether to accept rollover contributions, and OPM exercised that discretion. No further analysis is required. Lauber, J., agrees with this concurring opinion.